IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **PATRICIA E. LOHMEIER,** | ) | Case No. 8:06CV578 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| V. | ) | ON MOTIONS IN LIMINE |
| | ) | |
| **BANCWISE REAL ESTATE SERVICES, L.L.C.,** | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Plaintiff's Motion in Limine and on the Defendant's Motion in Limine. The Plaintiff Patricia E. Lohmeier seeks to exclude from evidence information relating to her two convictions for driving under the influence of alcohol, the most recent of which occurred four years before the events that gave rise to this litigation. The Plaintiff's motion is granted based on Fed. R. Evid. 402 and 403.

The Defendant BancWise Real Estate Services seeks to exclude from evidence age-related comments made by BancWise employees who were not involved in the decision to terminate Lohmeier's employment. The Defendant's motion will be granted in part and denied in part.

There is no dispute that BancWise founder and Chairman Larry Zitek was the decision-maker who informed Lohmeier that her employment was being terminated. The Defendant argues, therefore, that any age-related comments made by other BancWise employees are not relevant, and that even if the comments could be viewed as relevant, the comments are not admissible pursuant to Fed. R. Evid. 403. The Court generally agrees, but with one exception. The Court finds there is a genuine issue exists regarding the part Dan Allison may have played in the decision to terminate Lohmeier that should be

determined by the jury. This genuine issue arises based on 1) Allison's direct supervision and management of Lohmeier, and 2) Allison's reporting responsibilities to Zitek; and 3) Zitek's acknowledgment that he had no personal conversations with Lohmeier regarding her performance but that he obtained information about Lohmeier from Allison. Accordingly, the motion is granted as to age-related comments attributable to "Kevin Irish and other employees of BancWise" excepting Zitek, pursuant to Rules 402 and 403, and the motion is denied without prejudice to its reassertion at trial relative to comments made by Allison.

IT IS ORDERED:

1. Defendant's Motion in Limine (Filing No. 46) is granted in part and denied in part consistent with this Memorandum and Order; and

2. Plaintiff's Motion in Limine (Filing No. 49) is granted.

DATED this 5th day of November, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge