IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **PATRICIA E. LOHMEIER,** | ) | **CASE NO. 8:06CV578** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **BANCWISE REAL ESTATE** | ) | |
| **SERVICES, L.L.C.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Plaintiff's Amended Application for Attorney's Fee (Filing No. 85, 90). Plaintiff Patricia E. Lohmeier seeks payment of her attorneys' fees in the amount of $60,554.11, pursuant to 29 U.S.C. § 626.[1] The Application is supported by the Affidavits of Thomas F. Hoarty, Jr., Daniel T. Hoarty, and Kathleen Neary, and a brief. (Filing Nos. 86, 87). Defendant BancWise Real Estate Services, LLC, ("BancWise") opposes the application and seeks a review of the attorneys' claimed hourly rates and review of the amount of time spent on the case to determine whether it was excessive or unreasonable. (Filing No. 91).

Courts may award a reasonable attorney fee to a prevailing party in an action based on 29 U.S.C. § 626. In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the United States Supreme Court outlined the major factors to be considered by a court in awarding attorney's fees: 1) whether an award is appropriate; and 2) the value of the services

---

[1] "The ADEA incorporates 29 U.S.C. § 216(b), *see Cova v. Coca-Cola Bottling Co.,* 574 F.2d 958, 962 (8th Cir. 1978), which provides that '[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.' 29 U.S.C. § 216(b) (1994)." *Gilbert v. Monsanto Co.* 216 F.3d 695, 702 (8th Cir. 2000). The United States Supreme Court has held that § 216(b) is unconstitutional on other grounds, to the extent that it allows for suits against states in state courts which have not waived sovereign immunity. *See Alden v. Maine*, 527 U.S. 706, 707 (1999).

rendered as determined by the "lodestar" method. *Id.* at 433.[2]  A court must also consider whether an enhancement or reduction to the lodestar is warranted in a particular case. *Jensen v. Clarke,* 94 F.3d 1191, 1203-04 (8th Cir. 1996).

There is no dispute that the Plaintiff prevailed in this action and is entitled to a reasonable award. Moreover, the parties agree that the lodestar method is the appropriate mechanism for determining the amount of the award. The lodestar is calculated by determining the number of hours reasonably expended on the case and multiplying them by the applicable hourly market rate for the relevant legal services. *Hensley*, 461 U.S. at 433. The prevailing party must submit documentation to establish the amount of the request; must exercise "billing judgment;" and must be mindful that "[h]ours . . . not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (*citing Copeland v. Marshall,* 641 F.2d 880, 891 (D.C. Cir. 1980) *en banc* (emphasis original).

> The hours reasonably expended are determined by reviewing the records submitted by counsel, verifying the accuracy of the records, and then deducting excessive, redundant, or otherwise unnecessary work. . . . [W]hen calculating the lodestar, various things are subsumed within it; that is, reductions for insufficient documentation are included in the lodestar calculation and the novelty or difficulty of the case is also included. . . .

*U & I Sanitation v. City of Columbus,* 112 F.Supp.2d 902, 904 (D. Neb. 2000).

---

[2] Before Hensley, the so-called "*Johnson* factors" were the courts' primary guide in formulating awards. This Court has recognized that the *Johnson* factors should be considered as they bear on calculating the lodestar. Those factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) undesirability of case; (11) nature and length of relationship with clients; and (12) awards in similar cases. *Johnson v. Georgia Highway Express,* 488 F.2d 714, 717 (5th Cir.1974). I have considered these factors, and I note that the second and eighth factors are particularly supportive of the reasonableness of the fee application in this case, and that none of the factors detracts from the reasonableness of the application.

The Plaintiff was represented by two attorneys. Thomas F. Hoarty, Jr., has more than 30 years of experience, is a partner with the Byam & Hoarty law firm, and has regularly appeared before this court in employment, discrimination and civil rights cases. Daniel Hoarty is a 2005 graduate of the Creighton School of Law, has been employed as an associate attorney at Byam & Hoarty since that time, and his practice consists of general civil litigation with an emphasis in employment cases.

The total number of hours claimed by Thomas Hoarty is 23.85, and the total number of hours claimed by Daniel Hoarty is 369.75.  At the outset, I find that the division of work between these attorneys was appropriate and reasonable, and that the 23.85 hours spent on the case by Thomas Hoarty should not be reduced.  His involvement early in the case and at crucial times during the progression of the case undoubtedly added value to the Plaintiff's representation, given his expertise in the practice area.

I have considered the objections raised by the Defendant.  I agree that the charge of 1.25 hours of attorney time for dropping off and picking up trial exhibits is not reasonable, and that time will be subtracted.   I also agree with the Defendant that the amount of time spent by Daniel Hoarty preparing the Plaintiff's brief in opposition to the motion for summary judgment is excessive.  Thomas Hoarty spent approximately 8 hours on the brief, and Daniel Hoarty spent in excess of 80 hours on the brief.  While the Court acknowledges that the brief was crucial, its importance does not justify the amount of time spent on it by Daniel Hoarty.  The Court will reduce Daniel Hoarty's claimed hours by 30 to account for the excessive time spent on the brief in opposition to the Defendant's motion for summary judgment.

I have found the billing descriptions to be sufficiently detailed (with the exception of a few general entries related to the preparation of the brief in opposition to the summary

judgment motion, for which deductions have already been taken).  I found no problems with redundancy in the work.  With the exception of 31.25 hours that will be subtracted from Daniel Hoarty's requested hours, the Court finds that the attorneys' claimed hours were reasonably expended.

Having made the findings on the reasonableness of the time spent on the matter, the lodestar method then requires the Court to determine whether the hourly rates of $200 for Thomas Hoarty and $150 for Daniel Hoarty accurately reflect the appropriate market rates for the legal services they provided.  The Court briefly described the attorneys and their experience above, though more detail about their qualifications and expertise is provided in their affidavits. (Filing No. 87).  In addition, the Plaintiff has offered the affidavit of Kathleen Neary.  Neary is an attorney with several years of federal court practice in Nebraska on matters related to employment law.  In her opinion, the rates claimed by the Plaintiff's attorneys are usual and customary for the markets in Omaha and Lincoln, Nebraska, in the federal employment practice area.  In addition, Neary represented a plaintiff in a related case against the same defendant, and she stated that she had ample opportunity to observe Daniel Hoarty's work on the case, and that his $150 hourly rate was reasonable for the time spent on the case and reflective of his experience and expertise.

The Court finds that, for the work performed on this case, the rates of $200 per hour for Thomas Hoarty and $150 per hour for Daniel Hoarty are appropriate given the market for the services they provided.  The Court observes that while Daniel Hoarty is a relatively recent graduate of law school, he effectively represented Lohmeier as lead counsel throughout this litigation, including during the two-day trial.  Thus, the lodestar calculations are as follows:

4

| | | |
|---|---|---|
| Thomas F. Hoarty, Jr. | 23.85 hours x $200 = | $ 4,770 |
| Daniel T. Hoarty | 338.50 hours x $150 = | $ 50,775 |
| Total Award for Attorney Time | | $ 55,545 |

I find no reason to enhance or detract from the lodestar. For example, there was no significant delay either in the progression of the case or in the determination of the attorney fee award that would require enhancement of the award. Conversely, while this case was not overly complex, it did involved significant discovery and the depositions and testimony of several witnesses, and I find no reason to detract from the award.

In addition, the Plaintiff seeks $321.61 for expenses. "Expenses that are reasonable, necessary, and customarily billed to clients in the relevant economic market are properly compensable as a component of a fee award." *U & I Sanitation*, 112 F.Supp.2d at 905. The Court finds the claimed expenses are reasonable, necessary and the type that are customarily billed to clients. The award will include $321.61 for expenses.

I conclude that an attorney's fee of $55,545 and expenses of $321.61 are fair and reasonable, and shall be awarded. For the reasons provided in this memorandum,

IT IS ORDERED:

1. The Plaintiff's Amended Application for Attorney's Fees (Filing Nos. 85 and 90) is granted in the total amount of $55,866.61; and
2. The Defendant shall pay the Plaintiff her reasonable attorneys' fees and expenses in this matter by promptly sending payment to her counsel.

Dated this 7th day of February, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge